UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GARY MARSHALL, an individual with disabilities, by and through his next friend, TAMMY LEBERTE;<br><br>Plaintiff;<br><br>v.<br><br>GARDENDALE PAIN AND WELLNESS, LLC, a domestic limited liability company;<br><br>Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Gary Marshall commences this civil action for damages and declaratory and injunctive relief for disability discrimination against Defendant Gardendale Pain and Wellness, LLC ("Gardendale Pain and Wellness") by filing this Complaint. Gardendale Pain and Wellness denied Mr. Marshall his rights as a patient under the Americans with Disabilities Act and the Rehabilitation Act.

## INTRODUCTION

1.  This civil action seeks damages and declaratory and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.*, as amended by the Americans With Disabilities Amendments Act of 2008, and the corresponding regulations, by illegally and intentionally denying Mr.

1

Marshall the rights and protections he has been guaranteed by law. This civil action further seeks damages under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (the "Rehabilitation Act").

2. Gardendale Pain and Wellness's denial of equal treatment and benefits constitutes intentional discrimination against Mr. Marshall based upon on his disability and retaliation against him for engaging in protected activity under the ADA and the Rehabilitation Act, as amended. Specifically, Gardendale Pain and Wellness has discriminated against Mr. Marshall by:

(1) refusing to make reasonable accommodations of his known disabilities;

(2) treating him differently than non-disabled employees;

(3) punishing him for requesting reasonable accommodations of his disabilities;

(4) failing to engage in any interactive process with him to establish reasonable accommodations of his disability;

(5) denying him the right to access Gardendale Pain and Wellness's health care, which is offered as a public accommodation, and to continue receiving medical treatment from Gardendale Pain and Wellness under the same conditions as other patients who do not have disabilities; and

(6) punishing him for attempting to avail himself of his rights and benefits under the ADA and the Rehabilitation Act.

3. This action seeks to redress the deprivation of Mr. Marshall's rights to fully participate in the economy without being discriminated against in public

accommodations because of his disability. This action seeks a declaratory judgment that Gardendale Pain and Wellness has violated Mr. Marshall's rights under federal law, equitable relief, and an injunction requiring Gardendale Pain and Wellness to immediately cease its discriminatory practices and to remedy the effects of its discriminatory practices, including taking measures to provide Mr. Marshall with treatment and benefits equivalent to what he would have received if Gardendale Pain and Wellness had not violated his rights in the first instance. This action also seeks compensatory damages.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1343, 2201 and 2202. His claims arise under the Constitution, laws, or treaties of the United States.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims presented in this case occurred in Jefferson County, Alabama.

## PARTIES

6. Mr. Marshall is over the age of 19 years old and a resident citizen of Gardendale, Jefferson County, Alabama, which is within the jurisdiction of this Court.

7. Mr. Marshall is a person with disabilities which render him incompetent to pursue the claims in this action on his own behalf. Accordingly, he brings this

lawsuit through his next friend, Tammy Leberte. Ms. Leberte is over the age of 19 years old and a resident citizen of Gardendale, Jefferson County, Alabama, which is within this Court's jurisdiction. Ms. Leberte has a significant relationship with Mr. Marshall and is a competent and appropriate next friend for purposes of this action.

8. Defendant Gardendale Pain and Wellness, LLC ("Gardendale Pain and Wellness") is a domestic limited liability company organized under the laws of the State of Alabama. Gardendale Pain and Wellness is a health care provider in Gardendale, Jefferson County, Alabama, offering a wide range of pain management and other medical services for people such as Mr. Marshall who suffer from chronic pain. Gardendale Pain and Wellness is a resident citizen of, and has its principal place of business in, the State of Alabama.

9. Gardendale Pain and Wellness is a covered entity for purposes of the ADA and the Rehabilitation Act, as amended. Further, Gardendale Pain and Wellness is a recipient of federal funds and a participant in Medicaid, Medicare, and other federally funded health programs.

## INJUNCTIVE RELIEF

10. Mr. Marshall is entitled to injunctive relief to end Gardendale Pain and Wellness's unequal, discriminatory, and unlawful treatment of him as a person with a disability. Because of Gardendale Pain and Wellness's acts and omissions, Mr. Marshall continues to be deprived of the rights guaranteed to him by the laws of the

United States, and he is entitled to injunctive relief in the form of an order directing his readmission as a patient at Gardendale Pain and Wellness and an order enjoining Gardendale Pain and Wellness from further discrimination in their policies and practices.

11. Failure to grant the requested injunctive relief will result in irreparable harm to Mr. Marshall in that his rights will be violated and he will not be able to participate in the economy as a patient and consumer of necessary medical treatment on an equal basis with other, non-disabled people, as he was when Gardendale Pain and Wellness's violation of his rights began. Accordingly, Mr. Marshall does not have an adequate remedy at law to relieve these types of harm.

12. This threatened harm to Mr. Marshall, and other patients of Gardendale Pain and Wellness who have disabilities, far outweighs any possible harm that granting injunctive relief might cause Gardendale Pain and Wellness. Finally, the injunctive relief sought would in no way dis-serve the public interest and, on the contrary, would prevent discrimination based on disability and would promote the goal of full equality before the law.

## FACTUAL ALLEGATIONS

13. Mr. Marshall is an adult with cerebral palsy. Now in his seventies, Mr. Marshall has been deaf his entire life and communicates using American Sign Language. Mr. Marshall also suffers from dementia.

14. Mr. Marshall's cerebral palsy causes him significant discomfort and pain. He also has pain resulting from an injury to his clavicle.

15. Mr. Marshall receives benefits from Medicaid and Medicare to cover the costs of his health care, including the treatment he received from Gardendale Pain and Wellness.

16. Mr. Marshall began seeking treatment for his pain at Gardendale Pain and Wellness in 2018.

17. From 2018 until February or March of 2019, Mr. Marshall sought treatment approximately once a month.

<u>Gardendale Pain and Wellness's Failure Provide Reasonable Accommodations</u>

18. Ms. Leberte is fluent in sign language and tries, when she can, to help Mr. Marshall communicate.

19. Ms. Leberte regularly attended Mr. Marshall's doctor visits in order to help him communicate and to assist him in other ways.

20. Gardendale Pain and Wellness offers no auxiliary aids or support services for people who are deaf.

21. Gardendale Pain and Wellness does not offer any of the kinds of auxiliary aids or support identified in the ADA, 42 U.S.C. § 12103, or its implementing regulations.

22. Ms. Leberte asked for an interpreter to be provided on every occasion

when Mr. Marshall had an appointment. Gardendale Pain and Wellness always responded that an interpreter would be arranged. But Gardendale Pain and Wellness never once followed through; an interpreter was never present when Mr. Marshall sought treatment from Gardendale Pain and Wellness.

23. On at least one occasion, Ms. Leberte informed Gardendale Pain and Wellness's staff that providing auxiliary aids to deaf patients was a legal requirement, and she complained that the facility was not meeting its obligation to accommodate deaf patients such as Mr. Marshall.

24. During one of Mr. Marshall's visits for treatment, Ms. Leberte asked a nurse who was taking Mr. Marshall's blood pressure whether she knew that the facility was required by law to provide an interpreter for its deaf patients. The nurse responded that she had never heard of that requirement.

25. On one occasion, Ms. Leberte could not attend Mr. Marshall's appointment with him, and Mr. John Smith, Jr., went with Mr. Marshall instead. Ms. Leberte asked in advance for an interpreter to be present, and informed Gardendale Pain and Wellness that she would not be attending with Mr. Marshall. Gardendale Pain and Wellness's staff responded that they would arrange for an interpreter to be present. However, when Mr. Smith and Mr. Marshall arrived, no interpreter was present, and no other auxiliary aids or services were provided to assist Mr. Marshall in communicating effectively with his health care provider.

26. During the visit Mr. Smith attended with Mr. Marshall, Gardendale Pain and Wellness's staff was unable to communicate with Mr. Marshall because of his disability. The attending physician asked Mr. Smith how Mr. Marshall was doing, and Mr. Smith responded that the medicine Mr. Marshall was taking seemed to be doing him some good. No other information could be given to Mr. Marshall's health care provider because Mr. Marshall was unable to communicate effectively.

27. On another occasion, Ms. Leberte could not attend Mr. Marshall's appointment with him, and Ms. Suzette Norton went with Mr. Marshall instead. Ms. Leberte asked in advance for an interpreter to be present, and informed Gardendale Pain and Wellness that she would not be attending with Mr. Marshall. Gardendale Pain and Wellness's staff responded that they would arrange for an interpreter to be present. When Mr. Smith and Mr. Marshall arrived, no interpreter was present, and no other auxiliary aids or services were provided to assist Mr. Marshall in communicating effectively with his health care provider.

28. Mr. Marshall is not Gardendale Pain and Wellness's only deaf patient.

29. Despite his requests for an accommodation, Mr. Marshall was never provided with any reasonable accommodation by Gardendale Pain and Wellness. To the contrary, and in violation of the ADA, Gardendale Pain and Wellness required Mr. Marshall to rely on his own family or friends in order to interpret for him while seeking medical care.

## Gardendale Pain and Wellness's Refusal to Accommodate Mr. Marshall's Dementia

30. Mr. Marshall suffers from dementia.

31. Mr. Marshall's dementia once caused him to forget to take his prescribed medications.

32. Following Ms. Leberte's complaints about Gardendale Pain and Wellness's failure to provide reasonable accommodations for Mr. Marshall's deafness, Gardendale Pain and Wellness chastised Mr. Marshall for failing to take his medication on one occasion.

33. Gardendale Pain and Wellness never sought to determine whether Mr. Marshall's failure to take his medication was attributable to his dementia or any other reason.

34. Gardendale Pain and Wellness never engaged in any interactive process to establish an accommodation that would prevent Mr. Marshall from failing to take his medication in the future.

35. Instead of engaging in an interactive process to discuss the problem and seek a solution, Gardendale Pain and Wellness sent a letter to Mr. Marshall notifying him that he would not be provided any further treatment and could not come back to Gardendale Pain and Wellness's clinic.

36. Following his rejection as a patient by Gardendale Pain and Wellness, Mr. Marshall and his family and friends have been forced to travel significant

distances so that he can seek medical care from other providers.

37. Following his rejection as a patient by Gardendale Pain and Wellness, Mr. Marshall's health care was disrupted, and he suffered increased pain and other consequences as a result.

38. Gardendale Pain and Wellness ratified, sanctioned, and encouraged the conduct of its employees and supervisory personnel.

39. Gardendale Pain and Wellness simply refused to grant Mr. Marshall a reasonable accommodation, and instead, discriminated against him and retaliated against him, and terminated him as a patient. While Gardendale Pain and Wellness stated that its rejection of Mr. Marshall as a patient was because of his failure to take his medication, this reason was a pretext. And in any event, even if that had been the basis for rejecting him, Gardendale Pain and Wellness's rationale was itself an example of further refusal to accommodate a disability of which Gardendale Pain and Wellness knew or should have known; refusal to engage in an interactive process; and retaliation against Mr. Marshall and his loved ones for seeking to enforce his rights as a person with disabilities.

## CLAIMS FOR RELIEF

### COUNT I
Violation of the ADA and the Rehabilitation Act - Disability Discrimination
(Disparate Treatment and Denial of Reasonable Accommodations)

40. Mr. Marshall adopts and incorporates the allegations contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

41. Mr. Marshall is an individual with one or more recognized disabilities as that term is defined under the ADA and the Rehabilitation Act, as amended.

42. Mr. Marshall requested a reasonable accommodation of his disabilities by requesting that he be provided with auxiliary aids or services to ensure effective communication with his physician and other medical caregivers at Gardendale Pain and Wellness.

43. Accommodating Mr. Marshall's disabilities would not have posed an undue hardship for Gardendale Pain and Wellness.

44. Gardendale Pain and Wellness refused to accommodate Mr. Marshall's disabilities, and instead, Gardendale Pain and Wellness's employees (1) failed to provide reasonable accommodations of Mr. Marshall and other deaf patients' need for auxiliary aids or services to effectively communicate; (2) failed to engage in any interactive process with Mr. Marshall and other deaf patients to identify and implement a way for such patients to communicate without relying on friends and family; and (3) failed to accommodate Mr. Marshall's dementia or engage in an interactive process to identify and implement a way for him to avoid missing doses of his prescribed medication.

45. Instead of complying with the requirements of the ADA and the Rehabilitation Act, Gardendale Pain and Wellness required Mr. Marshall and other

deaf patients to rely on friends and family in order to achieve effective communication with Gardendale Pain and Wellness and its staff.

46. Gardendale Pain and Wellness applied its policies inconsistently and more harshly against Mr. Marshall than they did against other, non-disabled employees.

47. Mr. Marshall was rejected as a patient of Gardendale Pain and Wellness because of his known disabilities.

48. Gardendale Pain and Wellness could have, and should have, chosen to engage in an interactive process with Mr. Marshall or Ms. Leberte regarding his disabilities and the functions his medical care required, but Gardendale Pain and Wellness refused to do so.

49. As a result of Gardendale Pain and Wellness's conduct, Mr. Marshall has been denied equal access to a public accommodation; has suffered discrimination; suffered disruptions in his medical care; and has been required to seek medical treatment elsewhere. Mr. Marshall has further suffered damages as a result.

50. Mr. Marshall has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for declaratory judgment, injunctive relief, and compensatory and punitive damages is his only means of securing adequate relief.

51. Mr. Marshall suffered damages as a result of Gardendale Pain and Wellness's actions in unlawfully discriminating against him, denying him a reasonable accommodation, and terminating his access to medical care from Gardendale Pain and Wellness.

## COUNT II
### Violation of the ADA and the Rehabilitation Act - Retaliation

52. Mr. Marshall adopts and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

53. Mr. Marshall engaged in protected activity when he and Ms. Leberte requested that he be reasonably accommodated and protested that he was being treated unfairly by Gardendale Pain and Wellness because of his disabilities.

54. Gardendale Pain and Wellness retaliated against Mr. Marshall by creating pretextual reasons for rejecting him as a patient, and ultimately, rejected him on a pretextual basis. But for Mr. Marshall's protected activity, he would not have been terminated.

55. Mr. Marshall suffered damages as a result of Gardendale Pain and Wellness's actions in retaliating against him for protected activity.

## COUNT III
### Declaratory and Injunctive Relief

56. Mr. Marshall adopts and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

57.     Mr. Marshall seeks a declaration that Gardendale Pain and Wellness's conduct is unlawful.

58.     Mr. Marshall seeks an injunction in the form of an order directing Gardendale Pain and Wellness to accept him as a patient; to provide auxiliary aids and services in order to reasonably accommodate the disabilities of Mr. Marshall so that he can effectively communicate with his health care providers, and do the same for others similarly situated; and ordering other such injunctive relief as is necessary and proper to ensure that Gardendale Pain and Wellness's discriminatory conduct does not continue.

## DAMAGES

59.     Mr. Marshall is now suffering, and will continue to suffer, irreparable injury from Gardendale Pain and Wellness's unlawful conduct as set forth herein unless enjoined by this Court.

60.     Mr. Marshall has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and other pecuniary losses because of Gardendale Pain and Wellness's unlawful conduct.

61.     Mr. Marshall has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, declaratory judgment, and compensatory damages is his only means of securing adequate relief.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Mr. Marshall respectfully prays that this Honorable Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the policies, practices, procedures, conditions and customs of Gardendale Pain and Wellness are violative of the rights of Mr. Marshall as secured by the ADA and the Rehabilitation Act, as amended.

2. Grant Mr. Marshall a permanent injunction against Gardendale Pain and Wellness, ordering Gardendale Pain and Wellness to end their discriminatory practices and amend their practices and policies so as to prevent their agents, successors, employees, attorneys, and those acting in concert with Gardendale Pain and Wellness from continuing to violate the ADA and the Rehabilitation Act, as amended.

3. Enter an order requiring Gardendale Pain and Wellness to make Mr. Marshall whole by resuming the provision of health care and providing auxiliary aids and taking other measures to ensure effective communication with him, as well as compensatory damages, liquidated damages, punitive damages, and post judgment interest.

4. Mr. Marshall prays for such other relief and benefits as this Honorable Court deems appropriate or the cause of justice may require, including but not limited to an award of costs, attorneys' fees, and expenses.

5. Mr. Marshall specifically requests that the Court award him reasonable attorneys' fees, expenses, and other costs under 42 U.S.C. § 12205 and 29 U.S.C. §§ 794a(a)(2) & 794a(b).

**Plaintiff Gary Marshall demands a trial by struck jury on issues so triable.**

Done, this the 1st day of November, 2019.

Respectfully submitted,

_/s/ Wayne Morse_  
Wayne Morse (ASB-0161-E60W)  
WALDREP STEWART &  
KENDRICK, LLC  
2323 Second Avenue North  
Birmingham, AL 35203  
T: 205-327-8325  
E: morse@wskllc.com

_/s/ Paul H. Rand_  
Paul H. Rand (ASB-5505-O99N)  
ZARZAUR  
2332 2nd Avenue North  
Birmingham, Alabama 35203  
T: 205.983.7985  
E: paul@zarzaur.com

Plaintiff Gary Marshall requests service by U.S. Certified Mail on the following Defendants:

Gardendale Pain and Wellness, LLC  
2215 Decatur Highway  
Gardendale, Alabama 35071